ALFORD, Judge.
Plaintiff, Jack Caramonta, appeals from a judgment of the trial court in which the jury returned a verdict in his favor against defendants, Harold and Jo Ann Fletcher, d/b/a the Green Springs Motel, and their insurer AIU Insurance Company. Mr. Car-amonta was awarded $20,000 for injuries sustained as the result of being attacked by four domestic geese owned by the Fletchers.
FACTS
At the time of the accident, Mr. Cara-monta, a 62-year-old man, was staying at the Green Springs Motel in Covington, Louisiana, recovering from heart surgery. On July 15, 1982, he was attacked by four domestic geese while walking on the premises of the hotel with three young children. As the geese attacked, the children became frightened and ran behind Mr. Caramonta for protection. Mr. Caramonta, fearing for his and the children’s safety, bent down to pick up a stone to throw at the geese, but lost his balance as a result of the persistent attack of the geese and fell on his back. At this time, two of the geese got on his legs and began pecking. Mr. Caramonta managed to escape and made his way back to the motel where he summoned his wife and other relatives to take him to the hospital.
After trial on the merits, the jury returned a general verdict in favor of plaintiff in the amount of $20,000.
On appeal, plaintiff assigns the following specifications of error:
1. The trial court committed reversible error in accepting the verdict of the jury because fatigue and/or coercion were responsible for the jury’s decision.
2. The trial court committed reversible error in allowing the admission of evidence that plaintiff had filed a lawsuit for worker’s compensation benefits and in allowing testimony relating to plaintiff’s lung condition.
3. The jury erred in awarding inadequate damages.
After a careful review of the record, we find that specifications of error Nos. 1 and 2 are without merit and do not constitute reversible error.
QUANTUM
After the accident, plaintiff was taken to the St. Tammany Parish Hospital. X-rays taken at the hospital failed to show any damage to his back. On July 16, 1982, plaintiff consulted Dr. Gregory Gidman, an orthopedic surgeon, with complaints of lower back pain. Dr. Gidman took x-rays which again failed to show any damage to the back. On July 18, 1982, plaintiff went to the West Jefferson General Hospital emergency room with continued complaints of pain in his lower back. A bone scan revealed a compression fracture at the T-12 level of the spine. He was admitted to the hospital, was placed in traction and was given morphine for pain. Plaintiff was discharged on July 26, 1982, and was given a back brace to wear. He was still *1017 wearing the back brace on an intermittent basis at the time of trial.
Plaintiff continued to see Dr. Gidman with constant complaints of lower back pain. He was again hospitalized in December of 1982. The record does not reveal why he was admitted to the hospital, but while he was in the hospital, Dr. Gidman ordered that a myelogram be performed. The myelogram showed no nerve involvement in the thoracic spine.
Dr. Gidman continued to see plaintiff until July 12, 1983. The record reflects that he was in pain throughout the one year that he was treated by Dr. Gidman. Dr. Gidman, who was accepted by the court as an expert in orthopedic surgery, testified that he was of the opinion that plaintiff would not benefit from surgery, but told him that he might wish to seek a second opinion.
Plaintiff decided to consult another doctor and sought the advice of Dr. Charles Billings, an orthopedic surgeon, on July 25, 1983. He was admitted to Hotel Dieu Hospital on August 22, 1983, where a lumbar myelogram disclosed a narrowing of the lumbar canal. Surgery was performed to correct the problem, and, in addition, a fusion was performed on plaintiffs back. Dr. Billings, who was accepted by the court as an expert in the field of orthopedic surgery, testified that the trauma suffered by plaintiff on July 15, 1982, made it necessary for the surgery to be performed.
Testimony revealed that plaintiff had a pre-existing arthritic and degenerative disc disease. Both Drs. Gidman and Billings were of the opinion that the fall was the direct cause of his pain and aggravation of the arthritic condition. The accident made the degenerative condition symptomatic. Dr. Billings testified that plaintiff had about a 25-30% impairment of the lumbar area before the fall and about a 35-40% impairment afterwards. Because of this, Mr. Caramonta has had to substantially alter his lifestyle.
Our review of the record reveals that plaintiff indeed suffers back problems. Although part of his pain may be attributable to an arthritic condition present prior to the accident, it is well established that the aggravation of a pre-existing condition is com-pensable. The rule of law applicable in this case is that a defendant takes his victim as he finds him, and the tort feasor is responsible for the natural and probable consequences of his tortious act including the aggravation of a pre-existing injury. Nolan v. Ochello, 433 So.2d 1100 (La.App. 1st Cir.1983), writ denied, 441 So.2d 210, 211 (La.1983).
After a careful review of the record, we are of the opinion that the jury abused its much discretion in awarding plaintiff only $20,000. Such a sum is woefully inadequate to compensate Mr. Caramonta for his injury and medical bills. The record reflects that he had medical bills of approximately $30,000. Our next inquiry is to determine the lowest award which we could reasonably have affirmed. Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976). A number of awards for compression fractures have been made by the appellate courts of this state. It is, however, apparent that in none of those cases are the circumstances exactly the same as the circumstances in this case. At best, those decisions furnish this court only with a guide to a proper allowance which must be adjusted to the particular circumstances of the present case. After reviewing prior cases, we find that an award of $40,000 is justified in this case and is the minimum sum which was reasonably within the jury’s discretion.
Therefore, for the foregoing reasons, the judgment of the trial court is amended thereby increasing the total award to plaintiff to $40,000. Costs of this appeal are to be born by defendants, Harold and Jo Ann Fletcher and AIU Insurance Company.
AMENDED IN PART, AND AS AMENDED, AFFIRMED.